1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COLVIN & SON, LLC, | Case No. 3:23-cv-00204-ART-CLB |
| Plaintiff, | **ORDER ADOPTING SCHEDULING ORDER** |
| v. | |
| DEBRA HAALAND *et al.*, | **RE: JOINT CASE MANAGEMENT REPORT** |
| Federal Defendants. | |

Pursuant to the Court's July 24, 2023 Order, Dkt. 11, Federal Defendants[1] and Plaintiff Colvin & Son, LLC, (together, "the Parties") hereby submit a Joint Case Management Report for the above-captioned case. The Parties have conferred and agree that this is a case for review on an administrative record and is therefore exempt from the requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(i); LR 16-1(c)(1).[2]

**1. Nature of Case**

BLM manages public lands in the United States. Pursuant to the Wild Free-Roaming Horses and Burro Act ("WHBA"), 16 U.S.C. §§ 1331 *et seq.*, BLM manages wild horses and burros on public lands.

The Little Fish Lake Herd Management Area ("HMA") is managed by BLM and contains 28,744 acres of private and public lands. The HMA is approximately 70 miles northeast of Tonopah in Nye County, Nevada, and falls within the Little Fish Lake Valley, portions of which are public lands managed by BLM and portions of which are national forest system lands managed by the United States Forest Service ("USFS"). The USFS portion of the Little Fish Lake Valley includes the Little Fish Lake Wild Horse Territory ("WHT") consisting of 88,297 acres of forest and private lands. Together, the Little Fish Lake HMA and Little Fish Lake WHT, a total of approximately 117,041 acres, are referred to as the Little Fish Lake Joint Management Area ("JMA"), with historic movement and interchange of wild horses occurring between the HMA and WHT. Plaintiff owns private land and holds a BLM grazing permit and USFS grazing permit for land that falls within the Little Fish Lake HMA.

This case concerns BLM's Little Fish Lake JMA Decision Record dated August 2, 2022

---

[1] Defendants Debra Haaland, in her official capacity as Secretary of the Interior; Tracy Stone-Manning, in her official capacity as Director of the Bureau of Land Management ("BLM"); Jon Raby, in his official capacity as the Nevada State Director of BLM; Doug Furtado, in his official capacity as District Manager for the Battle Mountain District, Nevada, BLM; and Perry B. Wickham in his official capacity as the Field Manager for the Tonopah Field Office, Battle Mountain District, Nevada, BLM.

[2] The docket entry associated with Federal Defendants' Answer, Dkt. 9, indicates that a "Discovery Plan/Scheduling Order" is due by September 7, 2023, one day before the date by which the Court ordered that the Parties file this Joint Case Management Report, Dkt. 11. To comply with both apparent requirements, the Parties have included a proposed scheduling order for this case within this Joint Case Management Report and have filed it by September 7.

("Little Fish Lake Decision Record"), in which BLM authorized, among other things, the "gather and remov[al] [of] excess wild horses within and outside the Little Fish Lake JMA to achieve AML," i.e., Appropriate Management Levels, pursuant to the WHBA.[3] Specifically, per the Little Fish Lake Decision Record, BLM:

> "would gather and remove excess wild horses within and outside of the Little Fish Lake JMA to achieve AML (approximately 251 as of July 2022) through an initial gather or gathers and administer or booster population control measures to gather and released horses through subsequent maintenance gathers over a period of ten years from the initial gather(s), as well as gather excess horses throughout the 10-year time period of the plan. This would allow BLM to achieve management goals and objectives of attaining a herd size that is at the low range of AML, reducing wild horse population growth rates, and achieving a thriving natural ecological balance on the range as required under the [WHBA]."

On May 17, 2023, Plaintiff filed its complaint challenging the Little Fish Lake Decision Record under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C). Dkt. 1 ¶ 66. Plaintiff alleges that BLM identified conditions that impact the implementation of the Little Fish Lake Decision Record that are contrary to the WHBA. Plaintiff seeks to vacate the conditions it views as improper and to compel BLM to implement the Little Fish Lake Decision Record. *See id.* ¶¶ 1–5, 66, Prayer for Relief.

Federal Defendants dispute Plaintiff's claims and maintain that the Little Fish Lake Decision Record is lawful, reasonable, and supported by the record. Federal Defendants deny that Plaintiff has pled a cognizable claim and deny that Plaintiff is entitled to any relief whatsoever.

**2. Jurisdiction**

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action presents a case and controversy arising under the WHBA, which is a federal statute.

Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(e). The events giving rise to Plaintiff's cause of action occurred in this District and BLM maintains offices in this District.

---

[3] This section quotes from the Little Fish Lake Decision Record, which will be lodged with the Court as part of the Administrative Record in this case.

### 3. Additional parties and amended pleading

At this time, the Parties do not expect to add additional parties to the case or otherwise amend pleadings.

### 4. Pending motions

There are no pending motions in this case.

### 5. Related cases

There are no related cases to this case.

### 6. Discovery

The Parties agree that this case arises under the APA, which will involve resolution of Plaintiff's claim through judicial review of the administrative record and applicable federal statutes and regulations. *See* 5 U.S.C. § 706. Extra-record evidence, including the taking of discovery, is allowed only through limited exceptions and the Parties are not obligated to follow the Federal Rule of Civil Procedure 26 discovery process. *See* Fed. R. Civ. P. 26(a)(1)(B)(i); D. Nev. LR 16-1(c)(1). The Parties have conferred, and neither the Plaintiff nor Federal Defendants intend to seek discovery. If any Party decides to alter from this plan and seek discovery, the Parties acknowledge that leave of the Court would be required.[4]

### 7. ESI

This section is inapplicable to this case because this is a case for review on an administrative record.

### 8. Proposed Scheduling Order

Local Rule 16-1(c) provides that cases such as this one—"actions for review on an administrative record"—are to be "governed by an entry of an order establishing a briefing schedule and other appropriate matters." Accordingly, the Parties have conferred and agree that this APA case should be resolved via cross-motions for summary judgment after submission of the administrative record by Federal Defendants. The parties respectfully request the Court enter

---

[4] As set forth below, the Parties respectfully request to bifurcate briefing on the merits and remedy in this case. To the extent Plaintiff prevails on the merits and briefing on remedy becomes necessary, the Parties anticipate it may be necessary to introduce limited extra-record evidence via declarations in support of remedy briefing.

an order approving the following schedule for this case:

**Administrative Record**

- Federal Defendants shall file and serve the certified administrative record[5] by October 13, 2023.
- The Parties shall confer about any concerns Plaintiff may have with the administrative record and attempt to informally resolve any such concerns by November 10, 2023.
- If the Parties cannot informally resolve disputes regarding the administrative record, Plaintiff will file a motion to complete and/or supplement the administrative record by December 8, 2023.
    - Federal Defendants' opposition to Plaintiff's record motion will be due by January 5, 2024.
    - Plaintiff's reply will be due by January 19, 2024.
- If Plaintiff files a motion to complete and/or supplement the administrative record, the Parties request that the Court vacate the summary judgment schedule outlined below. The Parties will submit a new, mutually agreeable summary judgment schedule within 7 days of the Court's decision on any record motion filed by Plaintiff.

**Cross-Motions for Summary Judgment on Liability**

The Parties agree that the Court should bifurcate consideration of the merits from consideration of the appropriate remedy.[6] In the event Plaintiff does not succeed on the merits, briefing on the appropriate remedy will be unnecessary. However, in the event Plaintiff does

---

[5] Federal Defendants anticipate that the administrative record will contain a large number of documents, many of which are voluminous and will result in large file sizes likely to exceed the filing limits of the Court's CM/ECF system. Accordingly, Federal Defendants plan to manually file with the Clerk's Office a copy of the administrative record in electronic format, either on CD/DVD-ROM disc(s) or on a flash drive, and simultaneously to file a Notice of Manual Filing in CM/ECF attaching copies of the index and BLM's certification of the record. Federal Defendants will also serve the Court and Plaintiff with copies of the Administrative Record in the same electronic format. Each disc or flash drive will include hyperlinked electronic indices of the documents contained in the administrative record, and the documents will be included in searchable PDF file format to the extent possible.

[6] As stated above, Federal Defendants' view is that Plaintiff is not entitled to any relief whatsoever. However, Plaintiff disagrees with that view.

succeed on the merits, briefing on the appropriate remedy may likely be necessary. Accordingly, the Parties believe it is the interest of judicial economy and convenience of the Parties to first brief the merits of Plaintiff's challenge and then—if necessary—to brief the appropriate remedy. If Plaintiff prevails on the merits, the Parties agree to meet and confer and propose a briefing schedule regarding remedy within two weeks of the Court's order on the merits, unless the Court's order otherwise prescribes a schedule.

If there are no administrative record disputes, the Parties agree to the following schedule regarding liability briefing:

- Plaintiff shall file its Motion for Summary Judgment by January 12, 2024, which can be up to 30 pages in length, excluding any tables and exhibits, per LR 7-3(a).
- Federal Defendants shall file their combined Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment by February 16, 2024, which can be up to 30 pages in length, excluding any tables and exhibits, per LR 7-3(a).
- Plaintiff shall file its combined Response to Federal Defendants' Cross-Motion and Reply in support of its Motion for Summary Judgment by March 22, 2024, which can be up to 30 pages in length, excluding any tables and exhibits, per LR 7-3(a).
- Federal Defendants shall file their Reply in support of their Cross-Motion for Summary Judgment by April 26, 2024, which can be up to 30 pages in length,[7] excluding any tables and exhibits.[8]

---

[7] The Parties agree that Federal Defendants should be permitted 30 pages for their Reply so that the Parties each have the same number of pages to make their merits arguments. While LR 7-3(a) provides only 20 pages for reply briefs in support of summary judgment motions, those limits contemplate standard simultaneous summary judgment briefing, whereby each party would file a motion, oppose each other's motion, and reply to their own. The Parties have agreed to resolve the merits of this case via cross-motions for summary judgment which—even if Federal Defendants are afforded 30 pages on Reply—will allow for far fewer pages (120 pages) than if the Parties separately each moved for summary judgment (160 pages). Thus, the request to provide Federal Defendants 30 pages for their Reply is not a request to expand page limitations under LR 7-3(c), as it results in fewer total pages than would occur from standard simultaneous motions, and will conserve judicial resources as well or better than the standard briefing and page limits authorized by LR 7-3(a).

[8] To the extent Plaintiff reviews Federal Defendant's Reply brief and identifies a basis for filing a surreply, such as Federal Defendants raising new issues in their Reply, Plaintiff can move for

6

Plaintiff requests that the Court schedule oral argument on the cross-motions for summary judgment on liability after briefing is completed. To the extent Federal Defendants believe oral argument is warranted on the Parties' motions, Federal Defendants will request oral argument consistent with LR 78-1.

**9. Jury Trial**

This section is inapplicable because this is a case for review on an administrative record.

**10. Settlement**

At this time, Plaintiff believes that this case can be resolved through settlement. Federal Defendants disagree. As such, the Parties do not believe this case can be resolved through settlement at this time.

**11. Magistrate**

The Parties do not consent to proceed before the magistrate judge.

**12. Bifurcation/Phasing**

As explained above, the Parties agree that the Court should bifurcate consideration of the merits from consideration of the appropriate remedy in this case. The Parties request that the Court enter the schedule outlined above regarding cross-motions for summary judgment on the merits. If Plaintiff prevails on the merits, the Parties agree to meet and confer and propose a briefing schedule regarding remedy within two weeks of the Court's order on the merits, unless the Court's order otherwise prescribes a schedule.

**13. Case management conference**

The Parties do not request a case management conference be set in this case.

Dated: September 7, 2023                    Respectfully submitted,

                                                            TODD KIM,
Assistant Attorney General
S. JAY GOVINDAN, Section Chief
BRIDGET K. MCNEIL, Assistant Section Chief

---

leave to submit a surreply. *See* LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

7

                        */s/ Joseph W. Crusham*
Joseph W. Crusham, Trial Attorney
CA Bar No. 324764
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
PATRICK ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov

*Attorneys for Federal Defendants*

**SCHROEDER LAW OFFICE, P.C.**

By: /s/ Laura A. Schroeder
    Laura A. Schroeder, NSB #3595
    Therese A. Ure Stix, NSB #10255
    Caitlin R. Skulan, NSB #15327
    *Schroeder Law Offices, P.C.*
    10615 Double R Boulevard, Suite 100
    Reno, Nevada 89521
    Telephone Number:   775-786-8800
    Telecopy Number:   877-600-4971
    Emails:   counsel@water-law.com
               Laura Schroeder - schroeder@water-law.com
               Therese A. Ure Stix - therese@water-law.com
               Caitlin R. Skulan - c.skulan@water-law.com

*Attorneys for Plaintiff, Colvin & Son, LLC*

**SCHROEDER LAW**

By: /s/ W. Alan Schroeder
    W. Alan Schroeder, WSB 16570, ISB #4118
    *Schroeder Law*

Tulip S Building, Suite 110
Boise, Idaho 83705
Telephone Number: 208-914-6699
Email:     alan@schroederlaw.net

*Attorney for Plaintiff, Colvin & Son, LLC*

### ORDER

The Court has reviewed the joint case management report and it does not appear that an initial case management conference is necessary. If the parties disagree, they may file a stipulation requesting a case management conference.

Additionally, the Court adopts the proposed schedule for the filing of the Administrative Record and Cross-Motions for Summary Judgment as outlined above in Paragraph 8, consistent with Local Rule 16-1(c).

**IT IS SO ORDERED.**

**DATED**: September 7, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**