# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COLVIN & SON, LLC, | Case No. 3:23-cv-00204-ART-CLB |
| Plaintiff, | |
| v. | **SCHEDULING ORDER FOR THE CONSOLIDATED *COLVIN* ACTION** |
| DEBRA HAALAND *et al.*, | |
| Federal Defendants. | |
| COLVIN & SON, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | |
| DEBRA HAALAND *et al.*, | |
| Federal Defendants. | |

Federal Defendants and Plaintiffs Colvin & Son, LLC and Stone Cabin Ranch, LLC (together, "the Parties"), jointly submit the following proposed schedule for this consolidated action, which comprises of *Colvin & Son, LLC v. Haaland,* Case No. 3:23-cv-00024 ("*Colvin I*") and *Colvin & Son LLC v. Haaland*, 3:23-cv-00505 ("*Colvin II*"). The Parties previously met and conferred and submitted a Joint Case Management Report for *Colvin I*, Dkt. 13, and the Court adopted the schedule proposed by the Parties therein as the Scheduling Order for *Colvin I*, Dkt. 14. Now, the Parties propose that the *Colvin I* Scheduling Order be vacated and replaced with a new schedule set forth below, which will allow *Colvin I* and *Colvin II* to be briefed together and thus be ripe for decision by the Court at the same time.

The Parties agree that *Colvin I* and *Colvin II* are cases for review on administrative records,[1] and are therefore exempt from the requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(i), (f)(1). Local Rule 16-1(c) provides that cases such as this one—"actions for review on an administrative record"—are to be "governed by an entry of an order establishing a briefing schedule and other appropriate matters." Accordingly, the Parties have conferred and agree that these Administrative Procedure Act ("APA") cases should be resolved via cross-motions for summary judgment after submission of the administrative records by Federal Defendants. Pursuant to the current Scheduling Order, Federal Defendants lodged and served the *Colvin I* Administrative Record on October 13, 2023. *See* Dkt. 15.

The Parties agree to the following schedule for *Colvin I* and *Colvin II*:

1. **Federal Defendants' Answer in *Colvin II*:** The United States Attorney's Office in Reno, Nevada was served with the complaint in *Colvin II* on October 23, 2023. Pursuant to Fed. R. Civ. P. 12(a)(2), Federal Defendants will file an answer to *Colvin II* within 60 days of service on the United States Attorney's Office, or by December 22, 2023.

2. **Administrative Record and Resolution of Any Disputes:** As noted above, Federal Defendants have already lodged and served the *Colvin I* Administrative Record. Because the

---

[1] As set forth below, the Parties respectfully request to bifurcate briefing on the merits and remedy in these cases. To the extent Plaintiffs prevail on the merits and briefing on remedy becomes necessary in either case, the Parties anticipate it may be necessary to introduce limited extra-record evidence via declarations in support of remedy briefing.

deadline to file a record motion has not yet passed in *Colvin I*, and because the Parties anticipate that any record motions filed in *Colvin I* and *Colvin II* will concern the same or similar issues, the Parties have agreed to a schedule for lodging and serving the *Colvin II* Administrative Record and joint briefing of any record motions for both cases:

a) Federal Defendants shall file and serve the certified administrative record[2] for *Colvin II* by <u>January 26, 2024</u>.

b) The Parties shall confer about any concerns Plaintiffs may have with the administrative records for *Colvin I* and *Colvin II* and attempt to informally resolve any such concerns by <u>February 9, 2024</u>.

c) If the Parties cannot informally resolve disputes regarding the administrative records, Plaintiffs will file a motion to complete and/or supplement the administrative records by <u>February 23, 2024</u>.

d) Federal Defendants' opposition to any record motion will be due by <u>March 15, 2024.</u>

e) Plaintiffs' reply will be due by <u>March 29, 2024</u>.

If Plaintiffs file a motion to complete and/or supplement the administrative record for both or either case, the Parties request that the Court vacate the summary judgment schedule outlined below. The Parties will submit a new, mutually agreeable summary judgment schedule within 7 days of the Court's decision on any record motion filed by Plaintiffs.

**3.  Cross-Motions for Summary Judgment on Liability:** As noted in the Parties' Joint Case Management Report for *Colvin I*, and approved by the Court's Scheduling Order for *Colvin I*, *see* Dkt. 14 5–6, the Parties agree the Court should bifurcate consideration of the merits from consideration of the appropriate remedies in both *Colvin I* and *Colvin II*. In the event Plaintiffs

---

[2] As with the *Colvin I* Administrative Record, Federal Defendants plan to manually file with the Clerk's Office a copy of the *Colvin II* Administrative Record in electronic format on a flash drive and to simultaneously file a Notice of Manual Filing in CM/ECF attaching copies of the index and BLM's certification of the record. Federal Defendants will also serve the Court and Plaintiffs with copies of the *Colvin II* Administrative Record in the same electronic format. Each flash drive will include hyperlinked electronic indices of the documents contained in the *Colvin II* Administrative Record, and the documents will be included in searchable PDF file format to the extent possible.

do not succeed on the merits, briefing on the appropriate remedy will be unnecessary.  However, in the event Plaintiff did succeed on the merits, briefing on the appropriate remedy may be necessary.  Accordingly, the Parties believe it is the interest of judicial economy and convenience to first brief the merits of Plaintiffs' challenges in *Colvin I* and *Colvin II* and then—if necessary—to brief the appropriate remedy.  If Plaintiffs prevails on the merits in either case, the Parties agree to meet and confer and propose a briefing schedule regarding remedy within two weeks of the Court's order on the merits, unless the Court's order otherwise prescribes a schedule.

If there are no administrative record disputes, the Parties agree to the following schedule regarding consolidated merits briefing for *Colvin I* and *Colvin II*:

a) Plaintiffs shall file their Motion for Summary Judgment by March 22, 2024, which can be up to 50 pages in length, excluding any tables and exhibits.

b) Federal Defendants shall file their combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment by May 3, 2024, which can be up to 50 pages in length, excluding any tables and exhibits.

c) Plaintiffs shall file their combined Response to Federal Defendants' Cross-Motion and Reply in support of its Motion for Summary Judgment by June 7, 2024, which can be up to 35 pages in length, excluding any tables and exhibits.

d) Federal Defendants shall file their Reply in support of their Cross-Motion for Summary Judgment by July 19, 2024, which can be up to 35 pages in length, excluding any tables and exhibits.[3]

Plaintiffs request that the Court schedule oral argument on the cross-motions for summary judgment on liability after briefing is completed. To the extent Federal Defendants believe oral argument is warranted on the Parties' motions, Federal Defendants will request oral argument consistent with LR 78-1.

---

[3]  To the extent Plaintiff reviews Federal Defendant's Reply brief and identifies a basis for filing a surreply, such as Federal Defendants raising new issues in their Reply, Plaintiff can move for leave to submit a surreply, and Federal Defendants may oppose any such motion.  *See* LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

The Parties respectfully submit that the page limitations and briefing deadlines set forth above are reasonable in light of the nature of this consolidated action. First, as reflected above, the Parties respectfully request to alter the page limitations for the cross-summary judgment briefing from what is provided for in D. Nev. LR 7-3(a). Specifically, the Parties request to alter the page limitations as follows: 50 pages for each Party's first brief and 35 pages for each Party's second brief, as set forth in the above schedule. Good cause exists for this alteration because the limitations set forth in LR 7-3(a) contemplate standard simultaneous summary judgment briefing for one case. In *Colvin I*, the Court already approved a staggered cross-summary judgment briefing schedule whereby each Party would get 30 pages for each of their briefs. *See* Dkt. 14 at 6. Now, to allow both cases to be briefed together for the convenience of the Parties and the Court, the Parties propose a combined, staggered cross-summary judgment briefing schedule for the consolidated case. Under the Parties' four-brief schedule set forth above, with the requested page limitation alteration, there will be a total of 170 pages allowed. Absent combining the briefing for *Colvin I* and *Colvin II* as proposed, there would be four 30-page briefs filed in *Colvin I*, and six briefs via simultaneous summary judgment briefing in *Colvin II* (i.e., each Party would file their own opening, opposition, and reply briefs) with standard page limits from LR 7-3(a), resulting in 280 total pages allowed (120 in *Colvin I* and 160 in *Colvin II*). Thus, the Parties' requested alteration is not a request to expand page limitations under LR 7-3(c), as it results in far fewer total pages than would be allowed absent adoption of the Parties' proposed new schedule and page limitations. As such, the Parties respectfully submit that the schedule and page limitations requested herein will conserve judicial resources better than the standard briefing and page limits authorized by LR 7-3.[4]

Likewise, there is good cause for the Parties' request to alter the deadlines for summary judgment briefing set forth in 7-2(b). For one, the Court already approved the Parties' proposal to afford the Parties approximately five weeks to respond to one another's briefs in the *Colvin I* Scheduling Order. *See* Dkt. 14 at 6. Now, under the above schedule, the Parties request slightly

---

[4] Notably, the Court previously approved of expanded page limitations for briefing of *Colvin I*, Dkt. 14 & 6 n.7.

more time because cross-summary judgment practice will now concern *Colvin II* in addition to *Colvin I*.

Accordingly, the Parties respectfully request that the Court enter the above proposed scheduling order for resolution of the newly consolidated *Colvin I* and *Colvin II* cases.

Dated: November 29, 2023                Respectfully submitted,

                                        TODD KIM,
                                        Assistant Attorney General
                                        S. JAY GOVINDAN, Section Chief
                                        BRIDGET K. MCNEIL, Assistant Section Chief

                                         */s/ Joseph W. Crusham*
                                        Joseph W. Crusham, Trial Attorney
                                        CA Bar No. 324764
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        P.O. Box 7611, Ben Franklin Station
                                        Washington, D.C. 20044-7611
                                        Telephone: (202) 307-1145
                                        Email: joseph.crusham@usdoj.gov

                                        JASON M. FRIERSON
                                        United States Attorney
                                        District of Nevada
                                        Nevada Bar No. 7709
                                        PATRICK ROSE
                                        Assistant United States Attorney
                                        Nevada Bar No. 5109
                                        501 Las Vegas Blvd. So., Suite 1100
                                        Las Vegas, Nevada 89101
                                        (702) 388-6336
                                        Patrick.Rose@usdoj.gov

                                        *Attorneys for Federal Defendants*

SCHROEDER LAW OFFICE, P.C.

By: */s/ Laura A. Schroeder*
        Laura A. Schroeder, NSB #3595
        Therese A. Ure Stix, NSB #10255
        Caitlin R. Skulan, NSB #15327
        *Schroeder Law Offices, P.C.*
        10615 Double R Boulevard, Suite 100

Reno, Nevada 89521
Telephone Number:       775-786-8800
Telecopy Number:        877-600-4971
Emails:    counsel@water-law.com
            Laura Schroeder - schroeder@water-law.com
            Therese A. Ure Stix - therese@water-law.com
            Caitlin R. Skulan - c.skulan@water-law.com

*Attorneys for Plaintiffs, Colvin & Son, LLC and Stone Cabin Ranch LLC*

**SCHROEDER LAW**

By: */s/ W. Alan Schroeder*
    W. Alan Schroeder, WSB 16570, ISB #4118
    *Schroeder Law*
    Tulip S Building, Suite 110
    Boise, Idaho 83705
    Telephone Number: 208-914-6699
    Email:   alan@schroederlaw.net

    *Attorney for Plaintiffs, Colvin & Son, LLC and Stone Cabin Ranch LLC*

DATED THIS 1st day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE